UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Lemberg Law LLC, <br>                 Plaintiff, <br> v. <br><br> Tammy Hussin, Law Office of Tammy Hussin P.C. d/b/a Hussin Law <br><br>                 Defendants. | Civil Action No.: _____ <br><br> May 15, 2015 |

**COMPLAINT**

For this First Complaint, Plaintiff, Lemberg Law LLC, by undersigned counsel, states as follows:

**JURISDICTION**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 over this matter because there is complete diversity of citizenship between the parties and amount in controversy exceeds $75,000.00, exclusive of interests and costs.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this District.

3. This Court has personal jurisdiction over Tammy Hussin, pursuant to C.G.S § 52-59(a) because she (i) has committed tortious acts within the state; and/or (ii) has committed tortious acts outside the state causing injury to persons within the state; and/or (iii) engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state; and/or (iv) the contract that is the subject of this litigation was signed in the state; and/or (v) uses a computer, as defined in subdivision (1) of subsection (a) of

{W2541026}

section 53-451, or a computer network, as defined in subdivision (3) of subsection (a) of said section, located within the state.

4. This Court has personal jurisdiction over Law Office of Tammy Hussin P.C. d/b/a Hussin Law, pursuant to C.G.S. §33-929(f) because it (i) made and/or performed a contract in the state and/or (ii) committed tortious acts in the state; (iii) and/or solicited business in the state.

## PARTIES

5. Plaintiff, Lemberg Law, LLC, is a Connecticut Limited Liability Company with its principal place of business located at 1100 Summer Street, Stamford, Connecticut ("Plaintiff" or "Lemberg Law"), and is a "person" as defined by 47 U.S.C. § 153(39).

6. Sergei Lemberg is the sole member of Lemberg Law and he is a citizen of Connecticut.

7. Plaintiff's practice focuses on representing consumers in federal consumer protection matters throughout the United States.

8. Plaintiff employs a number of lawyers at its Connecticut headquarters who are licensed in various federal courts throughout the United States.

9. Plaintiff has been in business since 2006, and has a stellar reputation in the bar and with the public for the quality of its work and the results it has obtained for its clients.

10. In addition to full-time legal and paralegal staff located in Connecticut, Plaintiff also hires lawyers on a contract basis to represent clients in a variety of US jurisdictions, including in the Federal Courts of California.

11. Defendant, Tammy Hussin ("Hussin"), a California attorney, is a former contract attorney at Lemberg Law. She resides in San Diego, California.

12. Defendant Law Office of Tammy Hussin P.C. d/b/a Hussin Law ("Hussin Law")

is a California law firm founded by Hussin in 2014 and located at 6404 Merlin Drive, Carlsbad CA 92011.  Upon information and belief, Hussin Law is not incorporated in Connecticut and does not have a principal place of business in Connecticut.

## FACTS

13. Beginning in the Spring of 2011, Hussin worked for Lemberg Law in the capacity as a contract associate, handling the firm's cases in California federal courts.

14. While she worked off site, in the normal course of her performance of her duties, Hussin connected remotely into Lemberg Law's computer system located in Stamford, Connecticut; she utilized the services of intake and litigation paralegals in Connecticut; and she regularly communicated and collaborated with other lawyers at Lemberg Law who are located in Connecticut.

15. Under the Plaintiff's practices, Hussin maintained a Lemberg Law telephone at her office in San Diego that was part of Lemberg Law's Connecticut-based telephone system.

16. In addition to her work on California cases, Hussin from time to time oversaw the work of other Lemberg Law of-counsel attorneys in states other than California.

17. In her capacity as a managing attorney she managed anywhere from 3 to 10 of Lemberg Law's of-counsel lawyers.

18. As part of its program of promotion and advertising, Lemberg Law spends significant sums annually on advertising programs.

19. As a result of its advertising program, many Lemberg Law clients come to it without any relationship with any attorney member or employee.  These clients view themselves, and are treated as, clients of Lemberg Law.

20. For all pleadings in court and other forums for which a written appearance is required, attorneys with Lemberg Law use the Plaintiff's name.

21. Lemberg Law's federal litigation practice is a very document-intensive enterprise.

22. Lemberg Law employs paralegal and other staff who obtain, organize, file, and prepare clients' cases for settlement or litigation.

23. In addition, Plaintiff has invested significant costs and expenses in the creation of a system to optimize case handling efficiencies and ensure that all of the firm's cases are handle appropriately and timely.

24. Lemberg Law has also invested significant time and expense in the creation of various practice and state-specific templates, manuals and proprietary documents that assist its lawyers and staff in handling a large volume of cases.

25. Lemberg Law has significant invested costs in each and every of its client files.

26. The work related to the development of these files is work product of Lemberg Law and the work product aspects of its clients' files are considered property of Lemberg Law.

27. The relationship between Lemberg Law and its clients is also a valuable business asset, and part of the Plaintiff's value and good will.

28. The programs, practices and procedures by which the Lemberg Law operates its business, maintains relationships with its clients, manages its clients' files, evaluates the value of claims, makes claims, determines when and where to litigate and its programs related to trial strategy and file/claim presentation are all proprietary business information and are a valuable business asset of Lemberg Law.

29. Lemberg Law provides a handbook to its employees and of-counsel attorneys, including Hussin specifying that all client-related and proprietary information at the firm is property of the firm and confidential:

> <u>Confidential and Proprietary Information</u>
> The Firm considers its confidential and proprietary information, including the confidential and proprietary information of our client, to be one of its most valuable assets.  As a result, employees must carefully protect and must not disclose to any third party all confidential and proprietary information belonging to the Firm or its clients.
>
> Such protected information includes, but is not limited to, the following: matters of legal nature, such as computer software, product sources, legal research and templates; and matters of a business nature, such as client lists, client contact information, associate information, on-site programs and support materials, personnel information, training and personnel manuals, financial and marketing data, systems, forms, methods, procedures, and analyses, and any other proprietary information, whether communicated orally or in documentary, computerized or other tangible form, concerning the Firm's or its customers' operations and business.
>
> Everyone working at the Firm should ensure that any materials containing confidential or proprietary information are treated <u>strictly confidentially</u>.

30. In or about February 2014, Hussin established Hussin Law, having decided to start her own law firm.

31. Hussin and the Plaintiff negotiated a separation agreement.

32. Under the agreement, Lemberg Law agreed to continue paying Hussin contract compensation for cases that settled prior to her separation from the firm ("Contract Compensation"); Hussin undertook to continue prosecuting under the Lemberg Law name California federal cases filed by her for Lemberg Law clients.

33.     Such cases would be handled pursuant to Lemberg Law's agreement with each client, with Lemberg Law receiving 40% of the legal fees in each resolved case, representing the fair value of the legal work of Lemberg Law attorneys and staff ("Case Fees").

34.     Hussin also agreed to evaluate, and prosecute diligently, cases for California clients that had not been filed, review the complaints and conduct client interviews promptly, and oversee the filing of the cases ("New Cases").

35.     To prosecute the Filed Cases and New Cases, Lemberg Law continued providing Hussin with remote access to Lemberg Law's server and case management software.

36.     However, Lemberg Law insisted, and Hussin agreed, that her access would be strictly limited to Filed and Unfiled California cases.

37.     Thereafter, Hussin continued to prosecute Filed Cases. Hussin eventually resolved most of them.

38.     For some of the Filed Cases, Defendants remitted settlement payments to Lemberg Law, and Hussin was paid on those cases as agreed.

39.     However, Hussin failed and neglected to prosecute the Unfiled Cases. She failed to keep the clients updated on the status of their cases, failed to review the cases and neglected the cases entirely.

40.     Hussin's abandonment and neglect of the cases persisted in the face of repeated reminders from her paralegal and from Lemberg Law's principal Sergei Lemberg.

41.     Finally, On Apr 6, 2014, at 6:00 PM, Sergei Lemberg wrote to Hussin: "I can't have cases sitting Tammy. It's not right. I'm almost ready to propose filing all of them because status quo isn't an option."

42. Several weeks later, when Hussin persisted in failing to prosecute the Unfiled Cases, Lemberg Law reassigned the cases to Lemberg Law counsel in states where defendants in those cases were domiciled or could be sued.

43. While failing to prosecute the Unfiled Cases, Hussin, with the assistance of a newly hired paralegal at Hussin Law named Tachea Adams, willfully breached her computer access limits.

44. She accessed and transferred to herself via electronic mail various attachments and ZIP file attachments, valuable and confidential business property of the Plaintiff, all without Plaintiff's knowledge, permission or authorization.

45. Such confidential electronic information transfers were done by email to thussin@hussinlaw.com and tadams@hussinlaw.com.

46. Such confidential electronic information included but was not limited to:

- Client lists and contact information for clients, as well as pleadings and confidential settlement documents;
- Proprietary manuals and memoranda on handling consumer law cases under the Telephone Consumers Protection Act and the Electronic Funds Transfer Act;
- Templates of discovery requests and responses, in individual and class action cases, in California as well as in other States, such as Georgia and Illinois;
- Sample credit report dispute letters;
- Customized templates for court filing documents in the federal courts of California;
- Lemberg Law's proprietary list of process servers throughout the country.

47. Thereafter, Hussin began to market herself and Hussin Law to Lemberg Law's former and then existing clients.

48. When Lemberg Law discovered that Hussin was improperly accessing its system and, in an unauthorized fashion, stealing confidential electronic information including documents, client lists and files, Lemberg Law immediately terminated Hussin's access to the system.

49. In addition to illegally downloading the law firm's proprietary and confidential information, in the majority of Filed Cases, Hussin directed that settlement payments be made to Hussin Law, rather than to Lemberg, and then, with the exception of costs, failed to pay Lemberg Law any legal fees in those cases.

## COUNT ONE
## (BREACH OF CONTACT)

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. Plaintiff and Hussin had a contract for the handling of Filed Cases and Unfiled Cases, which entitled Lemberg Law to money for the Filed Case Fees and required Hussin to handle Unfiled Cases in an appropriate, lawyerly fashion.

52. Hussin breached that agreement by keeping the majority of legal fees in Filed Cases to herself and by failing to prosecute Unfiled Cases.

53. As a result of the breaches, Plaintiff has suffered damages.

## COUNT TWO
## (CONVERSION)

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. Defendants' conduct in taking Plaintiff's proprietary and trade secret information and using it for their own personal benefit amounts to a conversion.

56. Said conduct was willful, malicious and done with conscious and reckless disregard for the Plaintiff's rights.

57. Plaintiff has made demand on Defendants for the return of the confidential electronic information taken by Defendants but they have failed and refused to return such information to the Plaintiff.

58. Plaintiff has been damages by Defendants conversion of its property.

## COUNT THREE
## (CUTPA)

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. At all relevant times, Defendants were engaged in trade or commerce in the State of Connecticut.

61. Defendants' conduct as alleged herein constitutes a violation of the Connecticut Unfair Trade Practice Act ("CUTPA") in that said conduct offends public policy as it has been established by statutes and/or the common law.

62. Defendants' conduct as alleged herein constitutes a violation of CUTPA in that said conduct violates established concepts of fairness.

63. Defendants' conduct as alleged herein constitutes a violation of CUTPA in that said conduct constitutes unfair and deceptive practices and/or practices, which are immoral, unethical, oppressive and/or unscrupulous.

64. The Plaintiff has suffered actual and ascertainable loss as a result of Defendants' conduct as alleged herein for which said Defendants are liable.

65. In accordance with CUTPA, Plaintiff will serve a copy of this Complaint upon the Attorney General of the State of Connecticut.

## COUNT FOUR
## (STATUTORY THEFT-TREBLE DAMAGES PER C.G.S. § 52-564)

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. Defendants' conduct, in taking the Plaintiff's valuable proprietary information, confidential trade secrets and customer and contact lists was a civil theft in violation of C.G.S. § 52-564 and the Defendants are liable for treble damages.

## COUNT FIVE
## (VIOLATION OF UNIFORM TRADE SECRETS ACT-VIOLATION OF C.G.S. § 35-50 et seq.)

68. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

69. The trade secret and confidential business information as above described were valuable and were maintained as sensitive and confidential property and protected by the use of reasonable steps to prevent their loss.

70.     The trade secret information amounted to "trade secrets" under the Connecticut Uniform Trade Secrets Act (C.G.S. § 35-50 et seq.)

71.     Said conduct, as above described wherein the Defendants misappropriated confidential information, trade secrets, customer and contact lists, and knowledge and information on the Plaintiff's business in order to start and benefit a competing business owned by Defendants, caused harmed to Plaintiff.

72.     Said conduct was willful, malicious and done with conscious and reckless disregard for the Plaintiff's rights and has damaged Plaintiff.

### COUNT SIX
### (COMPUTER CRIME-VIOLATION OF C.G.S. 53a-251)

73.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74.     Defendants were aware that the information contained on the Plaintiff's computer system was valuable, protected and the property of the Plaintiff.

75.     Defendants knew or should have known that they were doing wrong by taking this information and using it for their own benefit and profit.

76.     Said conduct was willful, malicious and done with conscious and reckless disregard for the Plaintiff's rights and has damaged Plaintiff.

### COUNT SEVEN
### (THEFT OF CORPORATE OPPORTUNITIES)

77.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

78.     Defendants' conduct, as above described wherein they inveigled Plaintiff's clients to their own business, profited themselves from and by using Plaintiff's good name, advertising,

good will, trade dress and business opportunities for their own purposes amounted to a theft and usurpation of the Plaintiff's business opportunities.

79. As a result of said conduct, Plaintiff has suffered damages.

## COUNT EIGHT
## (*QUANTUM MERUIT*)

80. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

81. *Quantum meruit* allows a plaintiff to recover the benefit conferred on a defendant in situations where no express contract has been entered into by the parties.

82. Should it be determined for whatever reason that Plaintiff is not entitled to recovery for fees on Filed Cases under a contractual theory, Plaintiff should be entitled to recover money from Defendants under the theory of *quantum meruit*.

83. As a result of said conduct, Plaintiff has suffered damages.

## COUNT NINE
## (UNJUST ENRICHMENT)

84. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

85. Defendants were unjustly enriched and benefited by retaining the majority of the fees in Filed Cases.

86. Defendants did not pay the money owed to Plaintiffs.

87. The failure of payment was to Plaintiff's detriment.

88. As a result of said conduct, Plaintiff has suffered damages.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

1. Compensatory damages for loses suffered as a result of the Defendant's conduct.

2. Common law punitive damages;

3. Compensatory damages for actual and ascertainable loss under Connecticut General Statutes § 42-110g;

4. Punitive damages under Connecticut General Statutes § 42-110g;

5. Attorney's fees under Connecticut General Statutes § 42-110g;

6. Damages, punitive damages and a constructive trust be imposed on the property taken and the benefits derived from the Defendant's conduct;

7. Treble damages as provided by C.G.SA. 52-564;

8. Actual damages and/or any unjust enrichment caused by misappropriation not taken into account in computing actual damages, punitive damages and an award of attorneys' fees in accordance with C.G.S. 35-50;

9. Actual and punitive damages, unjust enrichment, restitution, the appointment of a receiver, treble damages and an award of attorneys' fees and costs as provided by C.G.S. 52-570b;

10. A permanent injunction requiring Defendants stop the use of all materials improperly taken from Plaintiff, to destroy copies of such material, and to stop using trade secrets in Defendants' business.

11. As to all counts, pre and post judgment interest and;

12. Such other relief as the court deems just and proper.

## JURY DEMAND

Plaintiff hereby makes a demand for trial by jury on all counts.

**THE PLAINTIFF,**

**LEMBERG LAW, LLC**

By: /s/ Ryan W. Scully
Peter M. Nolin (CT06223)
Ryan W. Scully (CT 28039)
**Carmody Torrance Sandak & Hennessey, LLP**
707 Summer Street
Stamford, CT 06901-1026
Tel: 203-252-2688
Fax: 203-325-8608
pnolin@carmodylaw.com
rscully@carmodylaw.com