UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT (HARTFORD)

| | |
|---|---|
| LEMBERG LAW, LLC : | CASE NO. 3:15-CV-00737 (MPS) |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | |
| : | |
| : | |
| TAMMY HUSSIN, LAW : | |
| OFFICE OF TAMMY HUSSIN, P.C. : | |
| D/B/A HUSSIN LAW : | |
| | |
| Defendants | March 4, 2016 |

**SUPLLEMENTAL DECLARATION OF TAMMY HUSSIN IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER**

I, Tammy Hussin, declare:

1. I am an attorney licensed to practice in the courts of the State of California, as well as in the States of Michigan and Colorado. I am in good standing in each state and have never been the subject of an investigation. I have personal knowledge of the matters stated herein and could and would testify competently thereto under oath if required.

2. In light of the Court's reference to the untimely nature of this Motion to Transfer, I offer this Supplemental Declaration for the Court to consider in making its determination.

3. While at first blush, Defendants' delay in seeking to transfer this case might seem dilatory, I submit to the Court the delay was justifiable.

4. Lemberg's Complaint was filed in May of 2015. For several months thereafter, I tried diligently to resolve our respective disputes in order to avoid the necessity of filing the Counter-Claim. I expressed many times to Lemberg's counsel that I did not want to publicize my allegations of Lemberg's misconduct and make our dispute a matter of public record. In the hope we could resolve our respective differences, I provided hundreds of pages of documents evidencing Lemberg's misconduct and engaged in hours of conversation with his counsel.

5. Having no success at settling, the Answer and Counter-Claim was filed on September 18, 2015. Immediately thereafter, Lemberg and I began to engage in settlement discussions through an intermediary who is not associated with this case.

6. On October 5, 2015, a settlement was reached with the help of said intermediary. I circulated a draft Settlement Agreement, and the parties then spent several weeks revising and recirculating the Agreement. Unfortunately, we were unable come to an agreement on certain terms in the Settlement Agreement, and by the beginning of November of 2015, the settlement had fallen apart.

7. It was not until November, when the settlement fell apart, that I started to prepare this matter for trial. During November and December, I interviewed witnesses, conducted research, and made repeated efforts to connect with John.

8. As my research progressed into the New Year, I began to understand this case presents important legal and ethical issues which hinge on the application of California laws and the California Rules of Professional Conduct in dealings with California clients. I began to form a belief that California is the real locus of this case and that a California court might be a more logical venue to see this case through.

9. It was also was becoming apparent I would have great difficulty presenting my case in Connecticut. Though the client witnesses had expressed a willingness to testify on my behalf, they began to express an inability and/or unwillingness to testify in Connecticut. Likewise, as discovery progressed, it had become clear John's testimony would be essential to my claims and defenses; however, John was unresponsive to my efforts to reach him.

10. On January 8, 2016, I made one final attempt to reach John. I called, emailed, and texted John, expressing the importance of his testimony.

11. By January 15, 2016, John had still not responded. At that point, I gave up hope that John would ever testify voluntarily. It was then I determined based on Connecticut's lack of subpoena power, my ability to prove my claims and defenses in Connecticut would be severely

hampered, and that I would be prejudiced without John and/or the other client witnesses. Based on my determination, the Motion to Transfer was then prepared and filed on January 26, 2016.

12. The delay in seeking the transfer of this case was not due to a lack of diligence, but instead was due to my ongoing efforts to settle this mess rather than engage in a litigation battle. It was just three months after the settlement fell apart that this Motion to Transfer was filed. I submit to the Court the delay is justifiable, because the reasons for bringing this Motion to Transfer did not come to light until the case *really* got under way.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 4th day of March 2016 at San Diego, California.

_____
Tammy Hussin, Esq.