**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT (HARTFORD)**

| | | |
|---|---|---|
| LEMBERG LAW, LLC | : | CASE NO. 3:15-CV-00737 (MPS) |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| TAMMY HUSSIN, LAW | : | |
| OFFICE OF TAMMY HUSSIN, P.C. | : | |
| D/B/A HUSSIN LAW | : | |
| | : | |
| Defendants | | March 15, 2016 |

**DECLARATION  OF TAMMY HUSSIN  IN RESPONSE TO**
**MOTION TO SEAL**

I, Tammy Hussin, declare:

1.      I have been an attorney for 25 years, and never once have been accused of improper

conduct. I take great pride in my reputation, and have consistently been praised by colleagues and

clients alike. The accusations lodged against me are false, and like Lemberg, this lawsuit has caused

me great embarrassment and harm. My reputation has been damaged by Lemberg casting me in a

false light, and Lemberg continues to cause harm by lodging defamatory statements in pleading after

pleading. Like Lemberg, I, too, have received a number of embarrassing inquiries from colleagues,

and have been approached by trade newspapers.

2.      Lemberg chose this litigation, chose to stay in this litigation, and now seeks to erase

the damage left in the aftermath. However, whatever harm and embarrassment has come to Lemberg

was not due to bad faith on my behalf, but rather is a direct result of his decision to make our private

dispute a public affair.

3.      After I was served with the Complaint, I did everything in my power to avoid filing a

responsive pleading. For months, I urged Lemberg's counsel to focus on a resolution so I would not

be forced to defend myself by publicizing Lemberg's impropriety and misconduct. All the while, I

repeatedly demanded that Lemberg withdraw the Complaint as I knew it was just a matter of time before my colleagues would discover it and my reputation would be harmed by the false claims lodged against me. I engaged Lemberg's counsel in hours of conversations and provided hundreds of pages of proof of his wrongdoings, all in the hopes I could convince Lemberg to halt this litigation.

4.      My diligent efforts fell on deaf ears. Lemberg refused to withdraw the Complaint and refused to discuss a resolution, and I was left with no choice but to defend my honor by filing the Answer and Counter-Claim. I felt it was important to tell *the whole story*, and to not allow Lemberg's Complaint to stand alone causing damage to my reputation. The Answer and Counter-Claim was thereafter amended to remove some allegations; however, removing the allegations did not affect their truthfulness. Although the allegations cast a bad light on Lemberg, it is he who chose this public forum and a responsive pleading was unavoidable.

5.      Although Lemberg might be embarrassed by the publication of Defendants' allegations, the allegations are relevant and true and should not be sealed. It is relevant that when I confronted Lemberg with all of his wrongdoings, he said: "I'm going to sue you and squeeze you like the cockroach that you are. For every penny you've got." (Attached hereto as Exhibit A is the relevant email exchange, redacted to protect client confidences). As alleged, Lemberg's threats caused me great concern, and caused me to fear for my personal safety. The fact Lemberg threatened me demonstrates poor moral character, bad faith, and ill will, all of which helps form the basis of material breach. In addition, the threats support my contention Lemberg's claims are without merit, and this action was filed with the intention to bankrupt me and out of pure spite.

6.      Likewise, the fact that I reported Lemberg's conduct to the California Bar was relevant in that it helps exculpate me from the wrongdoings alleged by Lemberg. It provides support for the notion that Lemberg was in material breach long before he filed the Complaint.

7.      Lemberg asserts in the Motion to Seal that Defendants' allegations were "clearly in bad faith: had no real relevancy to any claim; it was without the color of law and in fact in

contravention of law, and obviously motivated by improper purposes." Though Lemberg would like this Court to believe Defendants' allegations are false and made in bad faith, the Answer and Counter-Claim is the ***true*** story.

8.      To demonstrate the veracity of Defendants' allegations, I attach Exhibit B and incorporate by this reference a sampling of declarations from Lemberg's "clients" whose cases were transferred to my firm. The declarations were prepared by me after detailed conversations with each of the clients and after each client was fully apprised of the details of the disputes between Lemberg and me.

9.      As can be seen from the Declarations, I have not fabricated a scandalous Counter-Claim for the purpose of injuring Lemberg's reputation. The Declarations support my claims of material breach by depicting Lemberg's trail of misconduct. The Declarations also show that as alleged by Defendants, none of the clients viewed themselves as clients of Lemberg Law and do not consent to my sharing attorney's fees with Lemberg.

10.     I also have thousands of pages of documents which evidence Lemberg's bad acts, including but not limited to the misappropriation of client funds and the unauthorized practice of law. Upon request, I can submit these documents to the Court for an *in camera* review rather than publish them here and stir up more of a scandal.

11.     This law suit is embarrassing for both Lemberg and I, and it undoubtedly has caused harm to both of our reputations. However, Lemberg chose to make our disputes a matter of public record, and it is he who chose to continue this litigation knowing my responsive pleading would be replete with harsh allegations. Although I would like to see every pleading in this disgusting mess sealed forever, Lemberg cannot not now try to undo what is left in the wake of his conscious decision to wage a public war.

///

///

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 15th day of March 2016 at San Diego, California.

Tammy Hussin, Esq.
 Pro Per

EXHIBIT 'A'

| | |
|---|---|
| **From:** | Tammy Hussin |
| **To:** | ▮▮▮▮▮▮▮ |
| **Subject:** | Fwd: CA Cases |
| **Date:** | Friday, May 30, 2014 6:18:09 PM |

Tammy Hussin, Esq.
Hussin Law Firm
6404 Merlin Dr. #100
Carlsbad, CA 92011
Tel. 877.677.5397
Cell 760.331.3930
Fax 877.667.1547
www.HussinLaw.com

Begin forwarded message:

> **From:** Sergei Lemberg <slemberg@lemberglaw.com>
> **Date:** May 30, 2014 at 5:10:26 PM PDT
> **To:** Tammy Hussin <tammy@hussinlaw.com>
> **Subject: RE: CA Cases**

> ==I'm going to sue you and squeeze you like the cockroach that you are. For every penny you've got.==

> **From:** Tammy Hussin [mailto:tammy@hussinlaw.com]
> **Sent:** Friday, May 30, 2014 6:44 PM
> **To:** Sergei Lemberg
> **Subject:** CA Cases
>
> In the past couple weeks, several issues relating to Lemberg California cases came to my attention, and I write this email in the hopes that it doesn't cause even greater problems and that we can resolve these issues peacefully.
>
> 1. **Settlement Fees:** I am not getting paid the agreed upon fees in some of the California settlements. Our fee arrangement went thru a couple changes. In October, we agreed that for all cases in the system prior to October 1, including pre-lit, I was to receive 40% of the fee; and for all cases in the system after October 1, including pre-lit, I was to receive 50% of the fee. Then, as of March 1, 2014, we agreed that I was to receive 60% of all California case settlements, including pre-lit.
>    a. **Pre-litigation Settled Cases:** Although this could have been an

oversight on your/Maria's behalf, I was not paid at all on many prelit cases which settled after October 1st. To name a few that I know of, ███████████████████████████ ███████████████████████ Most disturbing is there are settlement agreements where Lemberg affixed my signature, even though I did not sign the agreement or receive a fee. In ████████z, for example, my signature was used last month on the settlement agreement, but I did not authorize my signature to be used, the case was moved to another state in prolaw, and I was not paid a fee.

    b.  **Settled Litigation Cases**: There are litigation cases which I settled, but did not receive the proper fee. In some, I did not receive the correct percentage amount based on what we had agreed████████, for example). In other settlements, costs were added that I've never seen before, The increased costs served to reduce my percentage fee (████████████████████████████ to name a few). In addition, a new processing fee is getting charged to the clients without disclosing the same in a California fee agreement. These excess charges had not been disclosed to the California clients until they received their settlement statements. Many of these clients are frustrated with the additional costs, which is a poor reflection on me, especially since California fee agreements require disclosure of costs.

2.  **Cases Transferred to Hussin Law:** It was obvious I was under a lot of pressure when we split, and you seemed to want to make the transition as difficult as possible for me. Despite trying to appease your every concern in arranging  to get the data transferred easily, you refused to cooperate and I was forced to spend of thousands of dollars and hundreds of hours manually transferring documents from the files. While I was wasting my time and money on data transfer, Olga and litigation support got yanked from me and I was left hung out to dry with a massive caseload. The caseload included many privacystar clients who had been solicited by Lemberg after thinking they were filing a complaint to the FTC. Many of these clients had no idea that a claim had been filed on their behalf. In March, you voiced your concerns that my new matters were being ignored, but they were not. I had transferred the cases to my new system, was communicating with the clients, and working the cases. Attached is our email exchange from March 17th, where you listed cases that were coming over with me, and you asked to me confirm I was handling. That same day, I confirmed that I was in fact handling these cases. Despite this email exchange, the cases began to disappear from my matters and were

transferred to other states in prolaw. Putting aside the fact I was needlessly wasting time and money on manually transferring the data to my own system, I spent time speaking to these new clients and working on my cases, as we had agreed. Even cases that had prolaw notes showing that I had worked the file and communicated with the clients, disappeared from my matters. In ██████ , for example, the prolaw notes showed I was working with the client for several months, got her to keep phone logs, regularly communicated with her, and even communicated with ██ is. Now ██████ is gone, but ██████ a against the same defendant, who had no phone records was left for me. In addition, many cases which I had previously approved for pre-lit are now gone.

3. **Advertising to California Residents:** You are soliciting and retaining California clients without having an office in California and without having a California attorney. Your websites all still advertise that you maintain an office in California and that I am your California counsel. Even as recently as May 24th, you posted about your National Legal Team, which includes me as your CA office and attorney. You also recently sent emails to California clients advertising your services. Although a handful of your new California clients were referred to me, the rest were assigned to attorneys who are not admitted to practice in California and who are unfamiliar with California state law. By retaining California residents without a California attorney, your new California clients are not being properly counseled on entitlements under California laws and they are being deprived of adequate representation. For example, claims for your new California clients are being presented for pre-lit and filed without including allegations of California state law violations for which your clients could be entitled to additional recovery. Instead of using California state law violations, the complaints include non-California state violations under which a California resident cannot recover. You have been presenting claims for pre-lit and representing that the claim has been reviewed by counsel, when in fact no California counsel has reviewed the claim. These failings are precisely why it is against the rules of ethics to represent California without having a California attorney. In other cases, you are presenting for pre-lit and filing California cases with no jurisdictional basis, sometimes using jurisdiction based on a law firm address. In ██████ n, you took a California client to Illinois, with a Cincinnati defendant, and used a department store address as a basis for jurisdiction. ██████ 's complaint does not include California state claims for which these California plaintiffs could be entitled to additional recovery. ██████ n, by the way, is another file that disappeared from the California database after I had confirmed to you on March 17th that I had it, transferred the case to my firm, spoke to

EXHIBIT 'B'

## DECLARATION OF BOBBY RIVERS

1. I, Bobby Rivers, the undersigned, do hereby swear, certify, and affirm that the following is true: I am over the age of 18 years, and a resident of the State of Virginia. This affidavit is made on my personal knowledge and, if called to testify could competently testify thereto.

2. In 2013, I spoke to Lemberg Law for the purpose of pursuing legal action against a company based in California. I was originally told my case would be handled by a California attorney, but Lemberg assigned my case to Brian Headley. Mr. Headley is not licensed in my state of Virginia or in California where the defendant could be sued.

3. Because Lemberg Law assigned the case to an attorney who was not licensed in any state where my law suit could be filed, my case sat around for months doing nothing. Mr. Headley recommended that I contact Tammy Hussin.

4. I spoke to Ms. Hussin in May of 2014. She told me my case had been referred to her by Lemberg Law, but said she would not accept the referral because she had recently had a falling out with Mr. Lemberg. Ms. Hussin recommended I contact Lemberg Law to see if they had hired a California attorney who could handle my case.

5. I told Ms. Hussin I was frustrated and angry that Lemberg had assigned my case to an attorney who was unable to represent me. I told Ms. Hussin I did not want anything to do with Lemberg Law anymore, and that I wanted her law firm to represent me.

6. Ms. Hussin agreed and made it clear that if she represented me, it would not be in association with Lemberg Law. I signed a fee agreement with Hussin Law, and Ms. Hussin ultimately settled my case much to my satisfaction.

7.      Tammy Hussin of Hussin Law is my attorney, and Lemberg Law did nothing on my case. I do not consent to Lemberg Law receiving one penny of the attorney's fees Ms. Hussin earned as a result of my settlement.

Dated this 9th day of January, 2016

I declare under penalty of perjury under the laws of Virginia, that the foregoing is true and correct.

_____
Bobby Rivers

### **AFFIDAVIT OF DESIREE GREER**

1. I, Desiree Greer, the undersigned, do hereby swear, certify, and affirm that the following is true: I am over the age of 18 years, and a resident of the State of California. This affidavit is made on my personal knowledge and, if called to testify could competently testify thereto.

2. I was receiving calls from an unwanted caller, and I submitted a complaint online in an effort to get the calls to stop. That same day I was contacted by someone at Lemberg Law to discuss the details of my complaint. I provided details to Lemberg Law, responded to questions via email, and I believe I also clicked on a link to send proof of the unwanted calls.

3. I knew I was speaking to a law firm, but I did not understand it was for the purpose of pursuing legal action. I thought I was providing information to Lemberg Law in furtherance of my complaint and in order to get the calls to stop.

4. When I provided the details of the unwanted caller to Lemberg Law, there was no discussion about legal representation or a contingency fee arrangement. I was not asked to sign an engagement or other retainer or fee agreement or any document authorizing Lemberg Law to pursue legal action on my behalf.

5. If I did somehow request legal services from Lemberg Law, it was without my knowledge or understanding that I was doing so.

6. When Ms. Hussin contacted me, I was surprised that I had a law suit. I had no idea I had retained Lemberg Law and/or that a law suit would be filed on my behalf.

7. I did not share any of the foregoing with Ms. Hussin until recently. It was then that I explained to her I had never spoken to anyone at Lemberg Law for the purpose of pursuing legal action, and had never knowingly consented to be represented by Lemberg Law.

8. Ms. Hussin worked hard on my case and ultimately settled it to my satisfaction. Lemberg Law had no involvement whatsoever with my case, and I do not consent to Lemberg Law receiving a portion of the attorney's fees Ms. Hussin received from my settlement.

Dated this 15th day of December, 2015

Signature: _____

Name:     Desiree Greer

## AFFIDAVIT OF RUSSELL PRESTON

1.      I, Russell Preston, the undersigned, do hereby swear, certify, and affirm that the following is true:  I am over the age of 18 years, and a resident of the State of California.  This affidavit is made on my personal knowledge and, if called to testify could competently testify thereto.

2.      In 2013, I was receiving unwanted calls on my cellular phone. At some point, I received a call from Tammy Hussin, introducing herself as my attorney from Lemberg & Associates (now Lemberg Law). Ms. Hussin knew details about my case and advised me she would filing suit on my behalf.

3.      When Ms. Hussin called me, I was surprised to learn I had a lawyer, and I did not know how I retained Lemberg Law to pursue legal action. I had no recollection of communicating with Lemberg Law for the purpose of pursuing legal action, and I never knowingly consented to be represented by Lemberg Law. If I did somehow request legal services from Lemberg Law, it was without my knowledge or understanding that I was doing so.

4.      I did not share any of the foregoing with Ms. Hussin until recently. At the time, I was happy to have Ms. Hussin as an advocate to help stop the calls.

5.      At some point, my case was transferred to Hussin Law. Ms. Hussin worked hard on my case and Hussin Law ultimately settled my case much to my satisfaction.

6.      I do not consent, nor did I ever consent, to Lemberg Law receiving any portion of the attorney's fees Hussin Law earned from my settlement.

Dated this 10th day of March, 2016

Signature: _____

Russell Preston

1

## **AFFIDAVIT OF BRITTANY DIXON**

1. I, Brittany Dixon, the undersigned, do hereby swear, certify, and affirm that the following is true:  I am over the age of 18 years, and a resident of the State of California.  This affidavit is made on my personal knowledge and, if called to testify could competently testify thereto.

2. My cellular telephone carrier is MetroPCS. MetroPCS offered a feature called MetroBlockIt, whereby I was able to block unwanted calls. I was receiving unwanted calls from a company, and I used MetroBlockIt to block the calls from them.

3. After I blocked the caller, the MetroBlockIt app asked if I wanted to file a complaint with the FTC.

4. I did want to file a complaint with the FTC, so I followed the prompts on MetroBlockIt to file an FTC complaint against the caller.

5. Shortly thereafter, I received a call regarding my FTC complaint. The caller knew I had filed the FTC complaint, and requested additional details about the calls. I thought I was speaking to the government, and I provided details about the unwanted calls.

6. I was not advised and did not understand I was speaking to a law firm for the purpose of pursuing legal action. I was told that I was entitled to money for the unwanted calls, but I thought it was some sort of government program that entitled me to money. There was no discussion about legal representation, and I was not advised that a law firm would file a law suit on my behalf. There was no discussion about a fee agreement, I was not asked to sign a fee agreement, nor did I sign a fee agreement authorizing suit on my behalf.

7. I was not made aware of any representation by a lawyer, or that a lawsuit had been, or was about to be, filed, until I received a telephone call from Tammy Hussin. When Ms. Hussin first contacted me about my law suit, I thought it was a scam.

1

1    8. I did not discuss any of the foregoing with Ms. Hussin until long after she obtained
2       a settlement for me.

3    9. In or around March of 2014, I received a settlement check from Lemberg Law
4       along with a letter explaining the details of the costs and attorneys feels that were
5       deducted from my settlement. There was a charge of $1,218.48 for "court filing
6       costs", which seemed very high to me.

7    10. Ms. Hussin was no longer at Lemberg Law when I received the settlement letter,
8        and she directed me to call Sergei Lemberg directly to object to the costs. I called
9        Lemberg and asked him why the costs were so high, and was told that all court
10       filing costs were correct and were properly deducted from my settlement.

11   11. If Sergei Lemberg charged me any costs which were not incurred, he should pay
12       me back.

13

14   Dated this 26 day of Aug , 2015

15       I declare under penalty of perjury under the laws of California, that the
16   foregoing is true and correct.

17

18

19                              By: Brittany Dixon

20

21

22

23

24

25

26

27

28

2

# **AFFIDAVIT OF CHRISTIAN NAGHI**

1. I, Christian Naghi, the undersigned, do hereby swear, certify, and affirm that the following is true:

2. I am over the age of 18 years, and a resident of the State of California.  This affidavit is made on my personal knowledge and, if called to testify could competently testify thereto.

3. My cellular telephone carrier is MetroPCS. MetroPCS offered a feature called MetroBlockIt, whereby I was able to block unwanted calls.

4. I was receiving unwanted calls and I used MetroBlockIt to block the calls from them.

5.  When I blocked the number using MetroBlockIt, the app asked if I wanted to file a complaint with the FTC.

6. I did want to file a complaint, so I followed the prompts on MetroBlockIt to file the complaint with the FTC.

7. Shortly thereafter, I was contacted by someone in regards to my FTC complaint. I provided details of the unwanted calls to the person who contacted me.

8. When I provided details to the person, I thought I was speaking to the federal government and I had no idea I was speaking to someone from Lemberg Law.

9. There was no discussion about a law suit or legal representation, and no mention that Lemberg Law would file legal action on my behalf.

10. I was not asked by anyone at Lemberg Law to sign a fee agreement or any document authorizing suit on my behalf, and there was no discussion about legal fees and/or a contingency fee arrangement.

11. If I did somehow request legal services from Lemberg Law, it was without my knowledge.

12.  After I spoke to the person in regards to my FTC complaint, I began to receive communications from Ms. Hussin, claiming to be my attorney in a law suit that had been filed on my behalf.

13. I ignored Ms. Hussin's calls and emails for months, thinking that she was a scammer. I had no idea how a lawyer had obtained my information and could not understand how Ms. Hussin had details of my complaint about the unwanted caller.

14.  I did not share my experience with Ms. Hussin until recently. It was then that I explained to her I had never even heard of Lemberg Law and had never knowingly consented to be represented by Lemberg Law.

15. Based on my experience with Lemberg Law, I do not consent to Ms. Hussin sharing the attorneys fees she earned on my case with a law firm that deceived me.

Dated this 6 day of January 2016

I declare under penalty of perjury under the laws of California, that the foregoing is true and correct.

_____
Christian Maghi

2

# <u>AFFIDAVIT OF SYLVONIA SMITH</u>

1. I, Sylvonia Smith, the undersigned, do hereby swear, certify, and affirm that the following is true: I am over the age of 18 years, and a resident of the State of California. This affidavit is made on my personal knowledge and, if called to testify could competently testify thereto.

2. My cellular telephone carrier is MetroPCS. MetroPCS offers a feature called MetroBlockIt, whereby I was able to block unwanted calls.

3. I was receiving unwanted calls, and I used MetroBlockIt to block the calls from the unwanted callers.

4. When I blocked the number using MetroBlockIt, the app asked if I wanted to file a complaint with the FTC.

5. I did want to file a complaint with the FTC, so I followed the prompts on MetroBlockIt to file an FTC complaint against the caller.

6. Shortly thereafter, I was contacted by a law firm in regards to my FTC complaint. The person knew I had filed an FTC complaint and requested additional details about the calls.

7. I provided details of the unwanted calls and I believe I may have also emailed proof of the calls. Although I knew my communications were with a law firm, I thought it was in connection with my FTC complaint and I was under the impression the law firm was acting on behalf the FTC.

8. All I wanted was to get the calls to stop, and did not understand I was speaking to a law firm for purposes of pursuing legal action. Nobody at Lemberg Law ever discussed legal representation with me, and I was not asked to sign an engagement or other retainer or fee agreement or any document authorizing Lemberg Law to pursue legal action on my behalf.

9. When Ms. Hussin first contacted me, I thought it was a scam. Ms. Hussin wanted to make sure my claim was being handled by someone at Lemberg Law and

1

1   advised me she was no longer associated with the firm. I advised Ms. Hussin I had

2   not retained a law firm and had never discussed legal representation with anyone at

3   Lemberg Law.

4   10. Ms. Hussin told me I could contact Lemberg Law if I wanted to to initiate legal

5   action against the caller. Ms. Hussin told me inasmuch as she was no longer

6   associated with Lemberg Law, she would not be representing me in any such

7   claim.

8   11.I had no desire to contact Lemberg Law and felt I had been deceived by the firm's

9   solicitation tactics. I advised Ms. Hussin I wished for her to represent me in my

10  claim against the unwanted caller.

11  12.I signed a fee agreement with Ms. Hussin, and she settled the case to my

12  satisfaction. Lemberg Law had no involvement whatsoever with my case, and I do

13  not consent to Lemberg Law receiving one penny of Ms. Hussin's attorney's fees.

14

15  Dated this 9th day of September, 2015

16

17

18  Signature:

19  Name:          Sylvonia Smith

20

21

22

23

24

25

26

27

28

2

## DECLARATION OF ANITA BLAKELY F/K/A ANITA PEDRO

1.    I, Anita Blakely, f/k/a Anita Pedro, the undersigned, do hereby swear, certify, and affirm that the following is true: I am over the age of 18 years, and a resident of the State of California. This affidavit is made on my personal knowledge and, if called to testify could competently testify thereto.

2.    In 2013, my cellular telephone carrier was MetroPCS. MetroPCS offers a feature called MetroBlockIt, whereby I was able to block unwanted calls.

3.    I was getting unwanted calls on my cellular telephone, and I used MetroBlockIt to block the calls.

4.    When I blocked the numbers using MetroBlockIt, the app asked if I wanted to file a complaint with the FTC.

5.    I did want to file a complaint with the FTC, so I followed the prompts on MetroBlockIt to file an FTC complaint against the unwanted callers.

6.    Shortly thereafter, I was contacted by someone asking for details regarding my FTC complaint. I thought I was speaking to the FTC, and I did not understand I was speaking to a law firm for the purpose of pursuing legal action. There was no discussion about a law suit or legal services, and I was not asked to sign any engagement or other retainer or fee agreement or any document authorizing suit on my behalf.

7.    When I provided details of the unwanted calls, I did not understand that by doing so I was entering into an attorney-client relationship with Lemberg Law. I was surprised to learn that I had retained Lemberg Law to pursue legal action on my behalf.

8.    If I requested legal services from Lemberg Law, it was without my knowledge or understanding that I was doing so.

9.    I did not share any of this information with Ms. Hussin until recently.

1

1       10.    Ms. Hussin ultimately settled my case to my satisfaction, and I do not

2   consent to Lemberg Law receiving any portion of the attorney's fees earned by Ms.

3   Hussin on my case.

4                           January

5   Dated this 8th day of December, 2016

6       I declare under penalty of perjury under the laws of Florida, that the foregoing

7   is true and correct.

8                       Anita Pedro

9                       Anita Blakely f/k/a Anita Pedro

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# AFFIDAVIT OF NAOMI FLYNN

1.      I, Naomi Flynn, the undersigned, do hereby swear, certify, and affirm that the following is true:  I am over the age of 18 years, and a resident of the State of California.  This affidavit is made on my personal knowledge and, if called to testify could competently testify thereto.

2.      My cellular telephone carrier is MetroPCS. MetroPCS offered a feature called MetroBlockIt, whereby I was able to block unwanted calls. I was receiving unwanted calls from a company, and I used MetroBlockIt to block the calls.

3.      After I blocked the caller, the MetroBlockIt app asked if I wanted to file a complaint with the FTC.

4.      I did want to file a complaint with the FTC, so I followed the prompts on MetroBlockIt to file an FTC complaint against the unwanted caller.

5.      Shortly thereafter, I received a call from someone regarding my FTC complaint. The caller knew I had filed the FTC complaint, and requested additional details about the calls.

6.      I thought I was speaking to an attorney with MetroBlockIt, and I provided details about the unwanted calls. The person mentioned something about me receiving money for the unwanted calls, but I did not understand I was speaking to a law firm for the purpose of pursuing legal action. There was no discussion relating to legal representation or a contingency fee arrangement. There was no discussion about signing a fee agreement and I did not receive and/or sign a fee agreement.

7.      If I requested legal services from Lemberg Law, it was without my knowledge and understanding. I had no idea I had retained Lemberg Law until I received a telephone call from Tammy Hussin. When Ms. Hussin first contacted me about my law suit, I thought it was a scam.

8.     I did not discuss any of the foregoing with Ms. Hussin until long after she obtained a settlement for me.

Dated this *11* day of December, 2015

I declare under penalty of perjury under the laws of California, that the foregoing is true and correct.


*Naomi Flynn*
By: Naomi Flynn

# DECLARATION OF ANTHONY LEVI

1.      I, Anthony Levi, the undersigned, do hereby swear, certify, and affirm that the following is true:  I am over the age of 18 years, and a resident of the State of California.  This affidavit is made on my personal knowledge and, if called to testify could competently testify thereto.

2.      My cellular telephone carrier is MetroPCS. MetroPCS offers a feature called MetroBlockIt, whereby I was able to block unwanted calls.

3.      I was getting unwanted calls on my cellular telephone, and I used MetroBlockIt to block the calls.

4.      When I blocked the number using MetroBlockIt, the app asked if I wanted to file a complaint with the FTC.

5.      I did want to file a complaint with the FTC, so I followed the prompts on MetroBlockIt to file an FTC complaint against the unwanted caller.

6.      That same day, I was contacted by someone asking for details regarding my FTC complaint. I provided details to the person believing it was in furtherance of my FTC complaint. I did not understand I was speaking to a law firm, and I was unaware that I was speaking to Lemberg Law for purpose of pursuing legal action.

7.      When I spoke to the caller about my FTC complaint, there was no discussion about legal services, and I was not asked to sign any engagement or other retainer or fee agreement or any document authorizing suit on my behalf.

8.      After I provided information regarding my FTC complaint to the caller, I did not speak to a paralegal prior to speaking to Tammy Hussin.

9.      When Ms. Hussin called me to introduce herself as my attorney, I was thought it was a scam. I had never heard of Lemberg Law and did not retain Lemberg Law to pursue legal action on my behalf.

10.      I did not share any of this information with Ms. Hussin until recently.

1      11.    After speaking with Ms. Hussin about legal representation, I signed a fee

2  agreement with Hussin Law. Lemberg Law had no involvement in my case and I

3  never spoke to a Lemberg Law paralegal either before or after communicating with

4  Ms. Hussin.

5

6  Dated this 29 ___ day of September, 2015

7

8      I declare under penalty of perjury under the laws of California, that the
  foregoing is true and correct.

9

10                              Anthony Devi

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# DECLARATION OF DAVID MAYFIELD

1.     I, David Mayfield, the undersigned, do hereby swear, certify, and affirm that the following is true: I am over the age of 18 years, and a resident of the State of California. This affidavit is made on my personal knowledge and, if called to testify could competently testify thereto.

2.     In 2013, I spoke to Lemberg Law for the purpose of pursuing legal action.

3.     I did not sign a fee agreement with Lemberg Law.

4.     I did sign a fee agreement with Hussin Law. Tammy Hussin is my attorney and she ultimately settled my case to my satisfaction.

5.     Ms. Hussin mentioned she owed Lemberg Law a percentage of the attorneys fees she earned on my case. However, I never consented to, nor do I consent to, Lemberg Law receiving any portion of the attorney's fees earned by Ms. Hussin on my case.

Dated this 15 day of January, 2016

I declare under penalty of perjury under the laws of California, that the foregoing is true and correct.

David Mayfield

1

# DECLARATION OF ALLAN ROTH

1.      I, Allen Roth, the undersigned, do hereby swear, certify, and affirm that the following is true:  I am over the age of 18 years, and a resident of the State of California.  This affidavit is made on my personal knowledge and, if called to testify could competently testify thereto.

2.      In 2013, I spoke to Lemberg Law for the purpose of pursuing legal action.

3.      Tammy Hussin of Hussin Law is my attorney, and Ms. Hussin ultimately settled my case to my satisfaction.

4.      I was never advised that the attorneys fees Ms. Hussin earned on my case would be divided between Lemberg Law and Ms. Hussin.

5.      I never consented to, nor do I consent to, Lemberg Law receiving any portion of the attorney's fees earned by Ms. Hussin on my case.

Dated this _22_ day of January, 2016

I declare under penalty of perjury under the laws of California, that the foregoing is true and correct.

_____
Allan Roth

## DECLARATION OF STEPHEN YOUMANS

1.      I, Stephen Youmans, the undersigned, do hereby swear, certify, and affirm that the following is true:  I am over the age of 18 years, and a resident of the State of California.  This affidavit is made on my personal knowledge and, if called to testify could competently testify thereto.

2.      In 2013, I spoke to Lemberg Law for the purpose of pursuing legal action.

3.      I did not sign a fee agreement with Lemberg Law.

4.      I did sign a fee agreement with Hussin Law. Tammy Hussin is my attorney and she ultimately settled my case to my satisfaction.

5.      I do not consent to Lemberg Law receiving any portion of the attorney's fees earned by Ms. Hussin on my case.

Dated this  7  day of January, 2016

I declare under penalty of perjury under the laws of California, that the foregoing is true and correct.

_Stephen Youmans_

Stephen Youmans